UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

AJIA STERLING,

    Plaintiff,

v.

                              Case No. 1:25-cv-05055-MLB-JEM

JEFFERSON CAPITAL SYSTEMS, LLC

    Defendant.
_____/

**DEFENDANT, JEFFERSON CAPITAL SYSTEMS'S, ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant, Jefferson Capital Systems, LLC ("JCAP"), through counsel and under the Federal Rules of Civil Procedure, submits this Answer and Affirmative Defenses to Plaintiff's Complaint filed by plaintiff, Ajia Sterling, and states:

**INTRODUCTION**

1. JCAP admits plaintiff purports to bring this action for alleged violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.*, Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, and the Georgia Fair Business Practices Act ("FBPA"), OCGA § 10-1-390, *et seq.*, but denies any

1

violations and wrongdoing under the law. Except as specifically admitted, JCAP denies the allegations in ¶ 1.

## JURISDICTION

2. JCAP denies the allegations in ¶ 2 as calling for a legal conclusion.

## PARTIES

3. JCAP denies the allegations in ¶ 3 for lack of knowledge or information sufficient to form a belief therein and as calling for a legal conclusion.

4. JCAP admits it is a Georgia limited liability company with its principle place of business in Sartell, Minnesota.

5. JCAP admits the allegations in ¶ 5.

6. JCAP denies the allegations in ¶ 6 as stated, as calling for a legal conclusion, and for lack of knowledge or information sufficient to form a belief therein.

7. JCAP denies the allegations in ¶ 7.

## FACTUAL ALLEGATIONS

8. JCAP denies the allegations in ¶ 8 as calling for a legal conclusion.

9. JCAP denies the allegations in ¶ 9.

10. JCAP denies the allegations in ¶ 10.

11. JCAP denies the allegations in ¶ 11.

12. JCAP denies the allegations in ¶ 12.

13. JCAP denies the allegations in ¶ 13.

14. JCAP denies the allegations in ¶ 14.

15. JCAP denies the allegations in ¶ 15.

16. JCAP denies the allegations in ¶ 16.

17. JCAP denies the allegations in ¶ 17.

18. JCAP denies the allegations in ¶ 18.

19. JCAP denies the allegations in ¶ 19.

20. JCAP denies the allegations in ¶ 20.

21. JCAP denies the allegations in ¶ 21.

22. JCAP denies the allegations in ¶ 22.

23. JCAP denies the allegations in ¶ 23.

24. JCAP denies the allegations in ¶ 24.

25. JCAP denies the allegations in ¶ 25.

26. JCAP denies the allegations in ¶ 26.

**CLAIMS FOR RELIEF**

**COUNT I – FDCPA Violation (15 U.S.C. § 1692c(c)) – Continued Contact After Refusal**

27. JCAP reasserts and incorporates by reference the forgoing.

28. The FDCPA speaks for itself and is the best evidence of its content; to the extent plaintiff alleges otherwise, JCAP denies the allegations in ¶ 28.

29. JCAP denies the allegations in ¶ 29.

30. JCAP denies the allegations in ¶ 30.

31. JCAP denies the allegations in ¶ 31.

32. JCAP denies the allegations in ¶ 32.

## COUNT II – FDCPA Violation (15 U.S.C. § 1692e) – False and Misleading Representations

33. JCAP reasserts and incorporates by reference the forgoing.

34. JCAP denies the allegations in ¶ 34.

35. JCAP denies the allegations in ¶ 35.

36. JCAP denies the allegations in ¶ 36.

## COUNT III – FDCPA Violation (15 U.S.C. § 1692d) – Harassment and Abuse

37. JCAP reasserts and incorporates by reference the forgoing.

38. JCAP denies the allegations in ¶ 38.

39. JCAP denies the allegations in ¶ 39.

## COUNT IV – TCPA Violation (47 U.S.C. § 227)

40. JCAP reasserts and incorporates by reference the forgoing.

41. JCAP denies the allegations in ¶ 41.

40. JCAP denies the allegations in ¶ 40.

42. JCAP denies the allegations in ¶ 42.

43. JCAP denies the allegations in ¶ 43.

44. JCAP denies the allegations in ¶ 44.

45. JCAP denies the allegations in ¶ 45.

46. JCAP denies the allegations in ¶ 46.

**COUNT V – Violation of Georgia Fair Business Practices Act (OCGA 10-1-390)**

47. JCAP reasserts and incorporates by reference the forgoing.

48. JCAP denies the allegations in ¶ 48.

49. JCAP denies the allegations in ¶ 49.

50. JCAP denies the allegations in ¶ 50.

51. JCAP denies the allegations in ¶ 51.

52. JCAP denies the allegations in ¶ 52.

**JURY DEMAND AND PRAYER FOR RELIEF**

JCAP denies plaintiff is entitled to any relief, including the relief sought.

**JCAP'S AFFIRMATIVE DEFENSES**

1. Pursuant to 15 U.S.C. § 1692k(c), to the extent any violations are established, any such violations were not intentional and resulted from a bona fide

error notwithstanding the maintenance of procedures reasonably adopted and specifically intended to avoid any such error.

2. JCAP denies any liability; however, regardless of liability, plaintiff has suffered no actual damages as a result of JCAP's purported violations.

3. One or more claims asserted by plaintiff is barred by the statute of limitations, laches, estoppel, waiver and/or unclean hands.

4. Assuming plaintiff suffered any damages, she has failed to mitigate her damages or take other reasonable steps to avoid or reduce her damages.

5. Any harm suffered by plaintiff was legally and proximately caused by persons or entities other than JCAP and were beyond the control or supervision of JCAP or for whom JCAP was and is not responsible or liable.

6. Plaintiff has failed to state a claim against JCAP upon which relief may be granted.

7. Plaintiff lacks standing to prosecute her claims.

8. JCAP had plaintiff's prior express consent to make calls and send texts to plaintiff.

9. JCAP did not use an automatic telephone dialing system ("ATDS") when making calls or sending text messages to plaintiff. *See Facebook, Inc. v. Duguid*, 592 U.S. 395 (2021).

WHEREFORE, Defendant, Jefferson Capital Systems, LLC, requests the Court dismiss this action with prejudice and grant it any other relief the Court deems appropriate.

Dated: October 15, 2025                Respectfully Submitted,

*/s/ Kirsten H. Smith*
Kirsten H. Smith, Esq.
Georgia Bar No. 702220
SESSIONS, ISRAEL & SHARTLE, LLC
3838 N. Causeway Blvd., Suite 2800
Metairie, LA 70002
Telephone: (504) 846-7943
ksmith@sessions.legal
*Counsel for Defendant*
*Jefferson Capital Systems, LLC*

## CERTIFICATE OF SERVICE AND COMPLIANCE

I HEREBY CERTIFY that on October 15, 2025, a copy of the foregoing was filed electronically via CM/ECF system. Notice of this filing will be sent to the parties of record by operation of the Court's electronic filing system.

I FUTHER CERTIFY that this filing meets the font and formatting requirements of this Court.

*/s/ Kirsten H. Smith*
Attorney